UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA DUNCAN,

    Plaintiff,

v.

WESTGATE RESORTS, LTD.,

    Defendant.
_____/

Case No. 6:25-cv-00765

**COMPLAINT**

Plaintiff VERONICA DUNCAN ("Plaintiff"), by and through the undersigned, complains as to the conduct of WESTGATE RESORTS, LTD. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act, ("TCPA"), pursuant to 47 U.S.C. § 227 *et seq.*, the North Carolina Consumer Protection Statute, pursuant to N.C. Gen. Stat. § 75-1.1(a) *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th

Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Middle District of Florida.

## PARTIES

7. Plaintiff is a consumer and natural person, over 18 years of age who, at all times relevant, resided in Clayton, North Carolina.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is an American timeshare resort company, operating in 22 locations in nine states in the United States. Defendant maintains its principal place of business at 5601 Windhover Drive, Orlando, Florida 32819.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

12. Due to financial hardship, Plaintiff was unable to sustain timely monthly payments to Defendant for unpaid maintenance, incurring a debt of approximately $1,000 ("subject debt").

13. Defendant began placing persistent and intrusive pre-recorded collection calls to Plaintiff's cellular telephone number (252) XXX-6357, attempting to collect on the subject debt.

14. After receiving collection calls Plaintiff spoke with Defendant and explicitly communicated to cease calls.

15. Despite Plaintiff's request to cease its collection calls, Defendant continued its relentless pursuit, causing significant distress and disruption to Plaintiff's daily life and workflow.

16. Defendant placed its harassing collections calls to Plaintiff from the phone numbers (877) 512-5525. Upon information and belief, Defendant used pre-recorded messages and additional numbers to contact Plaintiff's cellular phone.

17. Defendant placed numerous collection calls to Plaintiff's cellular phone using a pre-recorded message.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her phone at such frequency as can be reasonably be expected to harass.

19. Despite Plaintiff notifying Defendant that its collection calls are unwelcome, Defendant continued to place excessive calls to Plaintiff's cellular phone using a pre-recorded message.

20. Until this day, Defendant received numerous amounts of pre-recorded calls from Defendant.

21. Frustrated by Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, regarding the harassing attacks and unfair practices by Defendant.

22. Defendant's actions have caused severe emotional distress due to the aggressive and threatening behavior of Defendant and the constant harassment Plaintiff was required to endure.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating

Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's unfair practice.

### COUNT I– VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

27. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

28. As pled above, Defendant utilized an artificial or pre-recorded voice when contacting Plaintiff on her cellular telephone.

29. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, and the pre-recorded messages used by Defendant, Defendant used pre-recorded voice technology to place calls to Plaintiff's cellular phone.

30. Upon information and belief, the pre-recorded voice technology employed by Defendant play a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

31. As pled above, Plaintiff never provided her cellular phone numbers to Defendant and therefore Defendant never had consent to place calls to Plaintiff's cellular phone numbers.

32. As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to her cellular phone using pre-recorded voice technology.

33. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phone.

34. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

36. Upon information and belief, Defendant knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

37. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

38. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, VERONICA DUNCAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. An order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    b. An award of $500.00 in damages to Plaintiff;

    c. An award of treble damages up to $1,500.00 to Plaintiff; and

    d. An award of such other relief as this Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE NORTH CAROLINA CONSUMER PROTECTION STATUTE**

39. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. N.C. Gen. Stat. § 75-1.1(a) states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a)."

41. Defendant violated N.C. Gen. Stat. § 75-1.1(a) through the numerous deceptive practices it made throughout the dealings with Plaintiff, as well as the generally abusive nature of Defendant's collection efforts. Through its use of coercion, duress, and intimidation against Plaintiff. Plaintiff repeatedly requested that Defendant's phone calls cease. Rather than adhere to Plaintiff's wishes, Defendant instead proceeded to barrage Plaintiff with numerous amounts of phone calls at all hours of the day in an effort to coerce and intimidate Plaintiff into making payment. Defendant's conduct is emblematic, the coercive and intimidating tactics it utilizes when attempting to collect sums from vulnerable consumers.

42. Moreover, through the deceptive nature of the collection efforts directed towards Plaintiff. Subjecting Plaintiff to hundreds of calls over a short period of time, including upwards of multiple calls on any given day, is inherently a deceptive act engaged in by Defendant in the course of its business.

43. As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, VERONICA DUNCAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff' costs and reasonable attorney fees; and,

e. Awarding any other relief this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 1, 2025

Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Fax: (630) 575-8188
ataylor@sulaimanlaw.com